# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

UNITED STATES OF AMERICA,

              Plaintiff,   :   Case No. 1:19-cr-068
                                 Civil Case No. 1:23-cv-669

                                 District Judge Matthew W. McFarland
  -  vs  -                      Magistrate Judge Michael R. Merz

MARCUS PHOENIX,

              Defendant.   :

## REPORT AND RECOMMENDATIONS

Defendant has filed a Motion to Vacate, Set Aside, or Correct a Sentence, pursuant to 28 U.S.C. § 2255 (ECF No. 68). District Judge McFarland referred the Motion to the undersigned (ECF No. 69) and reference of that Motion to the undersigned is confirmed by Amended General Order 22-05. On the Court's Order to do so, the United States has responded to the Motion (ECF No. 77) and Defendant has replied to the Response (ECF No. 78). With the Court's permission, the United States has filed a Surreply (ECF No. 81), making the Motion to Vacate ripe for decision.

Defendant pleads the following grounds for relief:

    **Ground One**: Ineffective Assistance of Counsel - Failure to Investigate

    **Supporting Facts:** Counsel's performance was deficient and fell below a professionally reasonable standard. Counsel failed to investigate the facts of the crime, the relevant law, and review that

1

law in relation to the facts. In a case such as this, it was not a reasonable decision to find an interview of the victim unnecessary when the overdose was likely to be a key point. Further, failing to interview other witnesses and references prevented counsel from discovering potentially mitigating information and certainly prevented counsel from having a full understanding of the facts and events surrounding this crime. Failing to investigate the law and applying it to the facts prevented a meaningful defense plan. No sound strategy could be formed, and no reasonable advice regarding any proposed plea agreement could be made absent a full understanding of the law in relation to the facts.

**Ground Two**: Ineffective Assistance of Counsel - Plea not Knowing & Voluntary.

**Supporting Facts:** Counsel could not have responsibly advised his client about the potential merits of a plea agreement without possessing a full understanding of the facts of the case and the law in relation to those facts. This negligent and deficient performance was professionally unreasonable and rendered counsel constitutionally ineffective.

**Ground Three**: Ineffective Assistance of Counsel - Failure to File Appeal.

**Supporting Facts**: Counsel was ineffective for failing to file a direct appeal when specifically instructed to do so by Petitioner. Counsel flatly refused to file an appeal and stated "I'm not filing an appeal. You waived the right to appeal and can't do anything about it now." This was not professionally reasonable.

**Ground Four**: Ineffective Assistance of Counsel - Sentencing Errors

**Supporting Facts**: Counsel failed to file requested objections to pre sentence report. Counsel believed client was guilty and should be punished, and failed to advocate or attempt to prepare a defense or mitigate sentence. Counsel failed to object to perceived sentencing errors, such as the unfair weight assessed at sentencing in regard to the non-death overdose incident. Counsel erroneously

> believed that a continuance of sentencing would somehow result in a lower sentence, and this does not seem likely nor does it seem a professionally reasonable strategic decision.

(Motion, ECF No. 68, PageID 388-92).

The United States opposes the Motion, asserting that Defendant's claims are purely conclusory as well as refuted by the record. Because Defendant forfeited his privilege protecting attorney-client communications by making assertions about the content of those communications, the United States was able to present the Court with the Declaration of Attorney Karen Savir, the lawyer accused of providing ineffective assistance of trial counsel. Although Defendant says he would "welcome" an evidentiary hearing, the United States opposes such a hearing, averring that the case can be decided on the record already created.

## Analysis

All of Defendant's Grounds for Relief assert that he received ineffective assistance of trial counsel. He notes that none of these claims were raised on appeal because he did not appeal and because the Sixth Circuit prefers claims of ineffective assistance of trial counsel to be raised in 28 U.S.C. § 2255 proceedings.

The governing standard for ineffective assistance of counsel is found in *Strickland v. Washington*, 466 U.S. 668 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the

3

> deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687. In other words, to establish ineffective assistance, a defendant must show both deficient performance and prejudice. *Berghuis v. Thompkins,* 560 U.S. 370, 389 (2010), *citing Knowles v. Mirzayance,* 556 U.S.111 (2009).

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

> Judicial scrutiny of counsel's performance must be highly deferential. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held:

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to overcome confidence in the outcome.

466 U.S. at 694. *See also Darden v. Wainwright*, 477 U.S. 168, 184 (1986), *citing Strickland, supra.*; *Wong v. Money,* 142 F.3d 313, 319 (6th Cir. 1998), *citing Strickland, supra*; *Blackburn v. Foltz*, 828 F.2d 1177, 1180 (6th Cir. 1987), *quoting Strickland,* 466 U.S. at 687. "The likelihood of

4

a different result must be substantial, not just conceivable." *Storey v. Vasbinder*, 657 F.3d 372, 379 (6th Cir. 2011), *quoting Harrington v. Richter*, 562 U.S. 86, 111-12 (2011).

> In assessing prejudice under *Strickland*, the question is not whether a court can be certain counsel's performance had no effect on the outcome or whether it is possible a reasonable doubt might have been established if counsel acted differently. See *Wong v. Belmontes*, 558 U.S. 15, 27, 130 S. Ct. 383, 175 L. Ed. 2d 328 (2009) (per curiam); *Strickland*, 466 U.S., at 693, 104 S. Ct. 2052, 80 L. Ed. 2d 674. Instead, *Strickland* asks whether it is "reasonably likely" the result would have been different. Id., at 696, 104 S. Ct. 2052, 80 L. Ed. 2d 674. This does not require a showing that counsel's actions "more likely than not altered the outcome," but the difference between *Strickland's* prejudice standard and a more-probable-than-not standard is slight and matters "only in the rarest case." *Id*., at 693, 697, 104 S. Ct. 2052, 80 L. Ed. 2d 674. The likelihood of a different result must be substantial, not just conceivable. *Id*., at 693, 104 S. Ct. 2052, 80 L. Ed. 2d 674.

*Id.*

**Ground for Relief One: Failure to Investigate**

Rule 2 of the Rules Governing § 2255 Proceedings and the form supplies to defendants and attached to those Rules requires a defendant to "state the facts supporting each ground." Instead of facts, Defendant has pleaded conclusions. As supporting facts for Ground One, Defendant pleads:

> Counsel failed to investigate the facts of the crime, the relevant law, and review that law in relation to the facts. In a case such as this, it was not a reasonable decision to find an interview of the victim unnecessary when the overdose was likely to be a key point. Further, failing to interview other witnesses and references prevented counsel from discovering potentially mitigating information and certainly prevented counsel from having a full understanding of the

5

>facts and events surrounding this crime. Failing to investigate the law and applying it to the facts prevented a meaningful defense plan. No sound strategy could be formed, and no reasonable advice regarding any proposed plea agreement could be made absent a full understanding of the law in relation to the facts.

Reading this statement, one is left with many questions of fact about what Defendant is actually alleging. What facts of the crime did Attorney Savir fail to investigate?[1] If she had done so, what would she have learned that would have made a difference in the case? What law did she not consider? What other witnesses were there and what "potentially mitigating information" did they have? Attorney Savir's Declaration indicates she had two investigators working on the case. What by Defendant's understanding did they miss?

Federal courts are required, as Defendant reminds us, to "liberally construe" pleadings of *pro se* litigants, but that does not extend to speculating about what other witnesses there might have been or what they would have been willing to testify to.

One concrete factual allegation Defendant makes is that Attorney Savir did not interview the victim. She does not claim that she did, but Defendant makes no allegation of what the victim would have said that would have been helpful.

**Ground Two: Plea Made Involuntary by Ineffective Assistance**

Ground Two suffers from the same lack of specificity as Ground One: Defendant alleges conclusions instead of facts. In addition, the allegations are contrary to Defendant's own sworn

---

[1] Attorney Savir swears she conducted "an independent investigation into the alleged facts, in consultation with two retained defense experts and two investigators, who performed, among numerous other tasks, a defense-oriented forensic evaluation of the victim's cellphone." (Declaration, ECF No. 77-1, PageID 495). Was this an inadequate investigation? How? What would an adequate investigation reveal? What more would likely be revealed by interviewing the victim, even assuming the victim would consent to an interview?

6

testimony. At the commencement of the plea colloquy, Judge McFarland swore him in and explained that any false answers could result in perjury charges (Transcript, ECF No. 70, PageID 415-16). Defendant said he understood the charges and Attorney Savir had gone over them with him. *Id.* at PageID 417. He said they had discussed the possible maximum sentence. *Id.* at PageID 418. Several times the judge invited Defendant to speak up if he did not understand something. *Id.* He told the Court that Attorney Savir had discussed the charges and evidence with him and that he was "fully satisfied" with her representation. *Id.* at PageID 422. Defendant stated he understood the maximum penalty the Court could impose was twenty years imprisonment. *Id.* at PageID 423. Defendant said he understood how the Sentencing Guidelines work and had discussed their application to his case with Attorney Savir. *Id.* at PageID 425-26. Defendant indicated he understood he was giving up, by virtue of the Plea Agreement, any right to appeal or collaterally attack his sentence. *Id.* at PageID 426. Having gone through the rights Defendant was waiving and obtaining his assent to the Statement of Facts, Judge McFarland again asked him for his plea, to which he responded "guilty." *Id.* at PageID 439.

Defendant signed the Motion to Vacate under penalty of perjury. In it he claims lack of agreement with many the things he swore were true in the plea colloquy. Which of his declarations under penalty of perjury is the Court to count as true? Two completely contradictory statements of fact cannot both be true. If the Court believes what is written in the Motion Defendant would be indictable for perjury on many counts for what he said in the colloquy; the statute of limitations has not run on those sworn statements of Defendant which he now says are untrue.

Instead of indictment for perjury in circumstances such as this, the federal courts regularly hold defendants to their sworn statements in open court. A plea-proceeding transcript which suggests that a guilty or no contest plea was made voluntarily and knowingly creates a "heavy

7

burden" for a petitioner seeking to overturn his plea. *Garcia v. Johnson*, 991 F.2d 324, 326–28 (6th Cir. 1993). Where the transcript shows that the guilty or no contest plea was voluntary and intelligent, a presumption of correctness attaches to the findings of fact and to the judgment itself. *Id.* at 326–27.

**Ground Three: Failure to File a Notice of Appeal on Instruction**

In his Third Ground for Relief, Defendant claims Attorney Savir failed and refused to file a notice of appeal after he instructed her to do so. Attorney Savir flatly denies Defendant gave any such instruction (Declaration, ECF No. 70-1, PageID 496).

In an attempt at refutation, Defendant has produced what purports to be a copy of a letter from him to Ms. Savir dated November 2, 2019, asking that a notice of appeal be filed (ECF No. 78, PageID 501). The Court cannot accept the letter as authentic because it is dated approximately eighteen months before the Plea Agreement was signed and filed. In November, 2019, there was nothing to be appealed; judgment was only entered November 2, 2022, three years later. Although failure to file a notice of appeal when directed to do so is *per se* ineffective assistance of trial counsel, the Magistrate Judge accepts Attorney Savir's Declaration that no request for an appeal was ever made.

**Ground Four: Ineffective Assistance of Counsel at Sentencing**

In his Fourth Ground for Relief, Defendant claims he received ineffective assistance at sentencing. As with his other grounds for relief. Defendant's Supporting Facts are largely

conclusory. He asserts Attorney Savir did not make objections to the Presentence Investigation Report that he wanted made, but he does not plead what those objections would have been or why it was deficient performance to fail to make them.

Defendant complains that Attorney Savir believed he was guilty and should be punished. But Defendant believes himself to be guilty and deserving of harsh punishment:

> This is a very serious crime, and a very unfortunate case. It is only by the grace of God that the victim's life was spared. Harsh punishment for both specific and general deterrence as well as just punishment is required.

(Reply, ECF No. 78, PageID 499). Actually Attorney Savir argued for a five-year imprisonment sentence, a sentence at the bottom of the agreed range in the Plea Agreement (Sentencing Memorandum, ECF No. 62). Defendant claims to be an "unknowing and inexperienced defendant," but the Presentence Investigation Report shows he has prior felony convictions at age 22,[2] 23 (trafficking in heroin), and 28 (trafficking in multiple drugs). Defendant's principal complaint seems to be that the Sentencing Guidelines weigh too heavily the occurrence of serious bodily harm. Here the victim remained unresponsive to two doses of Naloxone amd required a week' hospitalization and surgery.

The probation officer calculated the sentencing guideline range as 210 to 262 months, capped at 240 months by the statutory maximum. Attorney Savir had thus negotiated for Defendant a below-Guidelines sentence. Defendant is correct that the Sentencing Commission takes very seriously the infliction of serious bodily injury, but that is a policy decision made at a national level.

---

[2] Defendant violated his probation sentence on this conviction five times.

Defendant complains that Attorney Savir sought several continuances of sentencing, but has not suggested how that is deficient performance or how it prejudiced him. Ground Four is without merit and should be dismissed.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Motion to Vacate be denied with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Defendant be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

April 1, 2024.

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*
United States Magistrate Judge